Tritex Sportswear, Inc., Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 11, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Bertram B. Leopold,* with him *Scheeline & Leopold,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 15, 1974:

Renee L. Stiffler had been employed for about a year by Tritex Sportswear, Inc. (Tritex), as a sewing machine operator. During this short period of employment she had compiled an impressive history of absenteeism and tardiness. Her endeavors did not go unnoticed, and she was warned by her supervisor that she would be fired if she missed another day without submitting a doctor's excuse. Miss Stiffler was fired after missing work on September 12, 1972.

Miss Stiffler's application for unemployment compensation benefits was approved by the Bureau of Employment Security. Tritex appealed and, after a hearing, a referee denied compensation on the basis that her unemployment had resulted from her wilful misconduct. The referee's order was then reversed by the Unemployment Compensation Board of Review (Board), and compensation was again awarded to Miss Stiffler.

Several things must be remembered when reviewing unemployment compensation cases: (1) The scope of review is confined to questions of law and, absent fraud, a determination as to whether the *Board's* findings are

supported by the evidence; (2) questions of credibility and the weight to be given evidence are for the *Board*; (3) the party victorious below is to be given the benefit of any inferences which can reasonably and logically be drawn from the evidence. *Shira v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 457, 310 A. 2d 708 (1973).

Mindful of the above, we now consider the narrow issue presented by this appeal; namely, whether or not the Board's third finding of fact is supported by the evidence. This finding is as follows: "Claimant was being treated by a physician and offered the employer a medical certification concerning her illness of September 12, 1972 which also indicated she would be able to return to work on September 13, 1972."

It has been held that the evidence necessary to support a finding of fact in unemployment compensation cases means "substantial evidence." *Stillman v. Unemployment Compensation Board of Review,* 161 Pa. Superior Ct. 569, 56 A. 2d 380 (1948). We have also held that the substantial evidence required to support the findings of an administrative agency must be such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Poisson v. State Harness Racing Commission,* 5 Pa. Commonwealth Ct. 20, 287 A. 2d 852 (1972).

We hold that the testimony given during the following colloquy between the referee and Miss Stiffler satisfies the above test and therefore adequately supports the Board's finding: "Q. Did you comply with this after you were warned? Did you bring the doctor's certificate in? A. Not every time. The last time I did. Q. Who did you show it to? A. Ann [claimant's supervisor]."

Since we have concluded that this evidence was sufficient to support the Board's finding, we need not consider the evidentiary value of the doctor's certificate

itself which is physically attached to the record but which apparently was never officially made part of the record by the referee.

The only question presented in this appeal is whether or not the Board's finding of fact is supported by the evidence. However, in the interest of clarity, we add that the Board's findings adequately support its legal conclusion that Miss Stiffler is entitled to compensation benefits because her absence from work on September 12, 1972 was the result of illness rather than wilful misconduct.

We therefore issue the following

### ORDER

And Now, February 15, 1974, the order of the Unemployment Compensation Board of Review as to the claim of Renee L. Stiffler is hereby affirmed.