Lonnie W. Pettey, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued September 10, 1974, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Louis M. Shucker,* with him *Eugene F. Zenobi, Alan N. Linder* and *J. Richard Gray,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., September 27, 1974:

Appellant-claimant had been employed for approximately eleven years by the same employer. On two successive days appellant-claimant was unable to get to work because he did not have sufficient funds to buy gasoline. On each day his wife called the employer to report that he would be unable to get to work. She called in each instance well in advance of the time he was due to report. Appellant-claimant then traded some tools to obtain gasoline and returned to work on the third day, but was informed his employment was terminated.

When appellant-claimant applied for unemployment compensation, the Bureau of Employment Security denied the claim under Section 402(b)(1) of the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, *as amended,* 43 P.S. §802 (b)(1), voluntarily leaving work without cause of a necessitous and compelling nature. The referee affirmed. On further appeal to the Unemployment Compensation Board of Review, the decision was affirmed that appellant-claimant was ineligible, but not under the provisions of Section 402(b)(1), but rather under the provisions of Section 402(e), 43 P.S. §802(e), discharge for wilful misconduct.

Even a casual review of this record establishes clearly that it will not support a finding that appellant-claimant was ineligible under either of these sections. As the Board found, he obviously had not quit. The Bureau and the referee seem to have been misled by

the employer's claim that appellant had quit. However, it is significant that the employer did not appear at the hearing to contradict in any way the credible testimony of appellant-claimant.

In *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 97, 309 A. 2d 165, 168-69 (1973), Judge KRAMER set forth the definition of wilful misconduct established by the cases: "For behavior to constitute wilful misconduct, it must evidence (1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employe, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations." Neither this record, which is totally devoid of any evidence on the part of the employer challenging or contradicting the evidence of the appellant-claimant, nor the Board's findings of fact will support the Board's conclusion of law that appellant-claimant was disqualified under Section 402(e).

An analysis of the recent cases in which this Court has affirmed the Board's conclusion that absenteeism could be considered wilful misconduct establishes that in every instance there was much more than appears in this record. These additional elements were accurately summarized in the able brief of appellant-claimant as follows:

"1. Excessive absences.

"2. Failure to notify the employer in advance of the absence.

"3. Lack of good or adequate cause for the absence.

"4. Disobedience of existing company rules, regulations, or policy with regard to absenteeism.

"5. Disregard of warnings regarding absenteeism." *See Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A. 2d 72 (1973), where Judge MENCER assembles the cases. Here there is no evidence of excessive absenteeism; there is affirmative evidence that the employer was timely notified in each of the two instances; the cause of the absence was explained at the time to the employer and at the hearing and remained unrefuted, i.e., lack of funds for gasoline; there was no evidence of a company rule or policy on absenteeism; there was no evidence of any warnings.

Accordingly, we enter the following

### ORDER

Now, September 27, 1974, the order of the Unemployment Compensation Board of Review, dated May 17, 1972, in the above matter is reversed and the record is remanded to the Board for disposition consistent with this opinion.