James A. Beck, Jr. *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. James A. Beck, Jr., Appellant.

Argued December 10, 1976, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Mark B. Segal,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 1, 1977:

James A. Beck, Jr. (Claimant) appeals the order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits based upon excessive absenteeism (willful misconduct) within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The facts as found by the Board are as follows. Claimant was last employed by R. J. Fitzmyer of Philadelphia for two years as a shipper and receiver at $165.00 per week. His last day of work for Fitzmyer was January 17, 1975. Claimant's scheduled hours of work were 8:30 A.M. to 5:00 P.M., Monday through Friday. It was further found by the Board that during the course of his employment, Claimant had a history of excessive absenteeism as well as tardiness and that Claimant had been warned in the past concerning same. On January 20, 1975, Claimant did

not report for work or contact Fitzmyer. At approximately 8:00 P.M. that evening Claimant did contact Fitzmyer, however, did not give a reason for the absence that day. He did, however, indicate that he would report for work scheduled the following day. On January 21, 1975, Claimant again did not report for work or call his employer, and on January 22, 1975, Claimant reported for work, however, not until 2:30 P.M. Because of his late arrival and his work having been done by another employe, he was told to return home and report for work the following day. The next day, January 23, 1975, Claimant was again late, reporting for work at 1:00 P.M. rather than 8:30 A.M. as required. Again, Fitzmyer told him to go home and report to work the following day. On January 24, 1975, Claimant was discharged for not reporting to work as scheduled. The Board specifically found that at no time during the period from January 20 to January 24, 1975, did Claimant mention any alleged illness to his employer as he has argued during hearings before the referee and the Board.

The law is well settled that unexcused absenteeism and tardiness will furnish an employer the requisite reason for a discharge which results in a consequent denial of benefits. In *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974), Judge WILKINSON enunciated the general rule with regard to absenteeism and tardiness as follows:

An analysis of the recent cases in which this Court has affirmed the Board's conclusion that absenteeism could be considered wilful misconduct establishes that in every instance there was much more than appears in this record. These additional elements were accurately summarized in the able brief of appellant-claimant as follows:

'1. Excessive absences.

'2. Failure to notify the employer in advance of the absence.

'3. Lack of good or adequate cause for the absence.

'4. Disobedience of existing company rules, regulations, or policy with regard to absenteeism.

'5. Disregard of warnings regarding absenteeism.' See Ferko v. Unemployment Compensation Board of Review, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973), where Judge MENCER assembles the cases.

15 Pa. Commonwealth Ct. at 159-60, 325 A.2d at 643.

Most certainly, the conduct exhibited by Claimant comes within the dictates enunciated in *Pettey*, and we recognize that there is testimony in the record contradicting evidence relied upon by the fact-finder in entering the respective findings of fact, but the short of this argument is that the fact-finder chose to believe the employer's version of the absences and excuses proffered in justification of those absences. It is not for this Court to reverse such a determination. We hold that the employer has met its burden of proof as to willful misconduct mandated by *Pettey, supra,* and *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 98, 309 A.2d 165, 169 (1973), and subsequent decisions of this Court.

Accordingly, we

## ORDER

AND Now, this 1st day of March, 1977, the order of the Unemployment Compensation Board of Review is hereby affirmed.