Alfonzo C. Dudley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 27, 1978, before Judges CRUM-LISH, JR., ROGERS and DiSALLE, sitting as a panel of three.

*John Stember,* with him *Helen R. Kotler,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

Opinion by Judge Crumlish, Jr., June 21, 1978:

Alfonzo C. Dudley (Claimant) appeals a determination of the Unemployment Compensation Board of Review (Board) which affirmed a denial of benefits by the referee.

Claimant was employed by the National Tube Works, a division of United States Steel Corporation (Employer), from April 21, 1975 to November 17, 1975. During that period of time, it is undisputed that Claimant was frequently absent from his employment. Many of these absences appear to have been a result of his general poor health including a bout with acute bronchitis and a liver condition. The referee's crucial findings of fact, accepted by the Board, are as follows:

2. During his short employment history claimant was absent on an excessive number of occasions without properly reporting off to the employer.

3. Claimant had been reprimanded and suspended on two occasions because of his absenteeism and his failure to report off as required.

4. The employer's rules required that an employee report off at least two hours prior to the start of the scheduled turn or shift.

5. Claimant properly reported off for his scheduled term on October 25, 1975 and during this report he advised the guard that he would report as scheduled on October 27, 1975.

6. Claimant did not report as scheduled on October 27, 1975 or thereafter, nor did he report off to the employer.

7. Claimant was suspended by the employer on November 12, 1975 for his failure to report off or report for work and when the employer still did not hear from the claimant he was discharged on November 17, 1975.

Based upon these findings of fact, the referee concluded that Claimant's actions amounted to willful misconduct and, accordingly, he found Claimant ineligible for unemployment compensation benefits.

Claimant first urges for our consideration his contention that competent evidence of record fails to support the finding that Claimant did not properly report to Employer his absence due to illness. The essence of Claimant's contention is that the testimony of the Employer representative, Employer's supervisor of personnel, upon which the referee apparently relied to make a number of significant findings, was based upon absence slips appearing in Claimant's personnel file. According to the Employer representative, this file included one slip for each date on which Claimant had phoned his forthcoming absence to Employer. Claimant characterizes this evidence, which was used to establish his alleged unreported absence, as objectionable hearsay falling within none of the established exceptions to the hearsay rule. We cannot agree.

Section 2 of the Act of May 4, 1939, P.L. 42, 28 P.S. §91(b), provides:

> A record of an act, condition or event shall, in so far as relevant, be competent evidence if the *custodian* or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission. (Emphasis added.)

The Employer representative testified that these slips are prepared by a guard each time an employee calls in with notice of an impending absence. He further indicated that of the three copies filled in by the guard at the time, one copy is placed in the employee's per-

sonnel file of which he (the Employer representative) is the custodian. Under the exception to the hearsay rule cited above, Claimant cannot complain that the witness who testified with respect to the slips was not their author. *See Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973). The custodian of the records is competent to testify as to their identity.

Having resolved this question against Claimant, the referee's determination that Claimant failed to properly report for work "as scheduled on October 27, 1975 or thereafter, nor did he report off" results from a resolution of the conflict in the testimony against Claimant. It is beyond discussion that questions of credibility resulting from a conflict in the testimony are for the determination of the referee and the Board. *James v. Unemployment Compensation Board of Review*, 6 Pa. Commonwealth Ct. 489, 296 A.2d 288 (1972). Since competent evidence of record supports the disputed findings, they are conclusive on appeal.

Claimant next contends that the findings of fact do not, as a matter of law, amount to willful misconduct. We disagree.

Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §802(e), provides that an employee shall be ineligible for compensation for any week

[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Though not statutorily defined, willful misconduct has been judicially developed to encompass an act of wanton and willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence

manifesting culpability, wrongful intent, or evil design or an intentional disregard of the employer's interest or the employee's duties and obligations to the employer. *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealthh Ct. 147, 370 A.2d 755 (1977).

We have repeatedly held that employee absences without notice in violation of the employer's rules evidence a deliberate disregard of the standards of behavior which the employer may rightfully expect and constitute willful misconduct. *See Horan v. Unemployment Compensation Board of Review,* 7 Pa. Commonwealthh Ct. 194, 300 A.2d 308 (1973). Moreover, the record in this case indicates that Claimant had received prior suspensions due to his failure to properly report his absences. Although this is not a prerequisite to a determination of willful misconduct, it is an additional element which may be considered by the compensation authorities. *Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974). Nor can Claimant excuse his failure to respond to Employer's notice of suspension by simply alleging that he did not receive the notice sent to his home address. Claimant indicates he had temporarily moved into his mother's home, but it is undisputed that he made no effort to inform Employer of his displacement, either personally or through another, nor did he attempt to have his mail forwarded to his temporary address. Accordingly, it follows and we so hold that Claimant's conduct did rise to the level of willful misconduct.

Accordingly, we

#### ORDER

AND Now, this 21st day of June, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.