W. R. Grace, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 14, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Richard L. Orwig*, with him *William W. Runyeon*, of *Edelman, Saylor, Malsnee and Orwig*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Richard Wagner*, Chief Counsel and *Edward G. Biester, Jr.*, Attorney General, for respondent.

OPINION BY JUDGE CRAIG, April 10, 1980:

Petitioner W. R. Grace (employer) appeals from the decision of the Unemployment Compensation Board of Review which affirmed the referee's award of unemployment benefits to Frank R. Dennis, Jr. (claimant).

Under employer's company policy, employees accumulate one (1) point for each day of absence, and one-half (½) point for each occasion of late arrival or early departure; the policy does not differentiate absence due to illness from absence for any other cause. Employees who accumulate thirteen points within any calendar year are subject to discharge.

Employer discharged claimant on October 19, 1978, for alleged breach of that policy. Employer contends that claimant's record of absence and tardiness estab-

lishes willful misconduct within the meaning of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1]

The referee found that claimant had been suspended in August of 1978 because of his accumulation of points up to that date; he also found that claimant was absent October 9, 1978, left early on October 17, and was absent on October 18, which allegedly brought claimant's total points beyond the forbidden level.[2] However, the referee further found that claimant's early departure on October 17 and his absence on October 18 were the result of illness, certified by a physician.

The referee therefore concluded that the employer had failed to satisfy the burden of demonstrating willful misconduct. We agree. Because illness caused the early departure and absence which precipitated the discharge, even if claimant violated the "no-fault" discharge policy, there was no willful misconduct as to those last two occasions.

*Tritex Sportswear, Inc. v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 335,

---

[1] Our scope of review in these cases is by now axiomatic: it extends only to constitutional violations, errors of law, and the substantiality of the evidence supporting the findings. Willful misconduct is a legal conclusion subject to our review; in that review, we are mindful that the employer bears the burden of demonstrating willful misconduct, and a decision against the burdened party must be affirmed in the absence of a capricious disregard of competent evidence. *Sun Oil Co. v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 21, 408 A.2d 1169 (1979).

[2] The referee found that claimant had accumulated thirteen and one-half points by the time of his discharge; employer's brief likewise recites the total as thirteen and one-half points. However, our review of the record, and of the list of dates incorporated in employer's brief, indicates that the total did not exceed 12.5 points, but the point count in no way affects our conclusion in this case.

315 A.2d 322 (1974) governs this case. There, as here, claimant compiled, within a short period, "an impressive history of absenteeism and tardiness." 12 Pa. Commonwealth Ct. at 336, 315 A.2d at 323. In that case also, the final absence which precipitated claimant's discharge was due to illness, and this court held that claimant was entitled to compensation benefits because her last absence "was the result of illness rather than willful misconduct." 12 Pa. Commonwealth Ct. at 338, 315 A.2d at 324.[3]

Substantial evidence supports the finding of illness as cause; we find no capricious disregard of evidence by the referee; and there has been no error of law.

We remain mindful of the sharp legal distinction between (1) cause for discharge under an employer's policy and (2) willful misconduct which bars unemployment compensation benefits.

Accordingly, we affirm the decision.

### ORDER

AND Now, this 10th day of April, 1980, the March 15, 1979 order of the Unemployment Compensation Board of Review, at No. B-170051, affirming the allowance of benefits to Frank R. Dennis, Jr., is affirmed.

---

[3] Employer directs us to *Dudley v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 186, 387 A.2d 996 (1978), where this court stated in part that prior suspensions, although not a prerequisite to a determination of willful misconduct, can be an additional element "which may be considered by the compensation authorities." 36 Pa. Commonwealth Ct. at 191, 387 A.2d at 998. Employer thus emphasizes claimant's August, 1978 suspension and his attendance record. However, the critical language in *Dudley* is that prior suspensions "may be considered" by the compensation authorities. *Dudley* hence indicates that earlier disciplinary action is not determinative of willful misconduct.