Roy L. Green, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 5, 1981, to Judges Men-
cer, Craig and MacPhail, sitting as a panel of three.

*Thomas F. Meister,* with him *Howard D. Miskey,*
for petitioner.

*Richard Wagner,* Chief Counsel, with him *Joel G.
Cavicchia,* Associate Counsel, and *LeRoy S. Zimmer-
man,* Attorney General, for respondent.

Opinion by Judge Craig, August 12, 1981:

In this unemployment compensation case, the
claimant[1] questions a decision of the Unemployment
Compensation Board of Review which reversed the
referee's award and denied benefits on the ground
that the claimant's unemployment was a result of will-
ful misconduct.[2]

Flinchbaugh Products (employer) discharged
claimant in November 1978 for having accumulated
more than seven "unauthorized" absences, thus vio-
lating the employer's rule that eight such "unau-

---

[1] Roy L. Green.

[2] Section 402(e) of the Unemployment Compensation Law, Act
of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,*
43 P.S. §802(e).

thorized" absences in a twelve-month period would constitute cause for dismissal.

As in *W. R. Grace v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 412, 412 A.2d 1128 (1980), the employer's policy here is a no-fault policy, *i.e.,* unauthorized absences include any and all absences, other than a very few exceptions not relevant here.[3]

An employer bears the burden of proving a claimant's willful misconduct;[4] we must reverse because the employer here has not done so.

The record reveals that, on June 20, 1978, claimant received a written warning about his accumulation of absences. Of the seven later instances of absence counted against claimant, the employer's own testimony indicates that five were due to illness; only one absence, July 15, was unexplained, and it occurred more than three months before claimant's discharge. The last incident, which precipitated his discharge, occurred on October 28, 1978, when the claimant left

---

[3] The following are enumerated in the employer's policy as "authorized" absences:

    (a) hospital confinement
    (b) industrial injury
    (c) jury duty
    (d) military leave of absence
    (e) death in the immediate family
    (f) personal leave of absence
    (g) short term prearranged absence

[4] Willful misconduct is established only where the acts complained of amount to wanton and willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interests or the employee's duties and obligations to the employer. *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977).

work to go to the hospital because of an emergency involving his son; the claimant did inform his immediate superior of that necessity before he departed.

The board's error stems from its view that the employer's rule was reasonable in this context because "absences which were properly reported off and which were the result of permitted excuses did not count as unauthorized absences;" that view is factually accurate only if the board's word "and" is given a strictly conjunctive effect. The employer plainly testified that any absence which did not fall within the enumerated classes of authorized absence, even though due to illness, was counted against an employee despite proper reporting.[5] Reporting affected the unauthorized absence count only in that an illness of several days' duration counted as just one unauthorized absence if the employee had properly reported off each day.

The board thus erred in adopting the employer's position as to claimant's failure to report; the employer's submissions to the unemployment authorities and testimony state plainly that the claimant's

---

[5] The testimony of the employer contains the following exchanges:

QR: Mr. Mackrey, anything else you want to say?

AE: Yes, I'd like to clarify one point and that is the policy is written in such a way that the same disciplinary action in Mr. Green's case would have resulted if he had called in every time and if he hadn't called any of the times. . . .

QR: Mr. Mackrey, is an employee [who] calls in and reports off they're ill[,] is that still considered to be an unauthorized absence?

AE: Yes it is. . . .

QR: Then even though someone is ill with a doctor's statement that still is considered [an] unauthorized absence?

AE: That is correct.

absenteeism itself was the alleged misconduct, and not any failure to report.[6]

With respect to the last precipitating incident, the employer argues that the claimant could have rendered that absence "authorized" by communicating the circumstances to the inspection supervisor and not solely to the "lead man," the claimant's immediate superior. We are of the opinion that the undisputed circumstances surrounding that incident justified the claimant's noncompliance with the letter of the employer's policy; we cannot hold the claimant's action there to be a disqualifying disregard of the employer's interests.

Although we understand the employer's position that such a no-fault policy is necessary in the context of his business, the law is clear that absence due to illness is not willful misconduct. *Tritex Sportswear, Inc. v. Unemployment Compensation Board of*

---

[6] The employer's personnel administrator responded to an inquiry by the Office of Employment Security as follows:

Roy L. Green was terminated from Flinchbaugh Products, Inc. effective November 10, 1978 due too excessive absenteeism. Our company policy states after three (3) unauthorized absences the employee will receive a verbal reprimand. After (5) unauthorized absences, the employee receives a first written reprimand which Mr. Green received on June 20, 1978. After seven (7) unauthorized absences, the employee receives a final wirtten [sic] reprimand which Mr. Green received on October 3, 1978. At this time, the employee is told that another unauthorized absence would be cause for termination. Mr. Green was aware of his absences and the attendance policy before his termination.

Moreover, the employer's witness testified as follows at the initiation of the hearing in this matter:

QR: And why was he discharged?

AE: He was discharged to [sic] a violation of company policy, policy was absenteeism.

See also footnote 5 above.

*Review,* 12 Pa. Commonwealth Ct. 335, 315 A.2d 322 (1974). In the case before us, the employer candidly admitted that "sicknesses are the ones that were accumulated against [the claimant]."

We must reiterate, as in *W. R. Grace,* that there is a distinction between cause for dismissal under an employer's policy and disqualifying conduct under the Unemployment Compensation Law; an employer's burden of proving the latter is not necessarily satisfied by proof of the former. Because the board erred in concluding that the employer had demonstrated that the claimant's discharge resulted from disqualifying conduct, we reverse.

ORDER

AND Now, August 12, 1981, the February 14, 1980 order of the Unemployment Compensation Board of Review at No. B-171072-B, is reversed and this case is remanded to the board for computation of benefits.