Charles H. Davis, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, to President Judge CRUMLISH, JR. and Judge BLATT and DOYLE, sitting as a panel of three.

*Jeffrey R. Norris,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, May 4, 1983:

This is an appeal by Charles Davis (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under the provisions of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We reverse the decision of the Board.

Claimant was employed as a truck mechanic by the Truck Stop of America for approximately seven months. On March 19, 1980, he suffered a work-related injury for which he received workmen's compensation from March 21, 1980 through May 5, 1980. Claimant was certified by his physician to return to work on May 5, 1980. On May 5, he telephoned his employer and informed him that because of continued difficulty with the injury he would not be returning to work at that time. Claimant returned to work on May 14, 1980 and presented a return to work slip from his physician dated May 14, 1980. The employer discharged the Claimant because of his absence from May 5, to May 14, 1980.

Claimant sought and was denied unemployment compensation from the Office of Employment Security. After a hearing, a referee found that Claim-

ant's absence was without good cause and was in disregard of the standard of behavior an employer has a right to expect of an employee. The referee concluded that Claimant's absence constituted willful misconduct in connection with his work and Claimant was therefore ineligible for benefits under Section 402(e) of the Unemployment Compensation Law.[1] On appeal, the Board found, *inter alia,* that the Claimant did not return to work after being certified to do so *and did not advise his employer of his absence* but waited until May 14, 1980 to return to work.

The scope of our review of determinations by the Board is well established. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977). Inquiry by this Court is limited to whether there is substantial evidence to support the Board's findings of fact and whether in reaching its conclusion the Board committed an error of law. *Taylor,* 474 Pa. 351, 378 A.2d 829 (1977); *Roach v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

In the case before us, Claimant alleges *and the Board now concedes* that the Board's finding that

[1] Section 402(e) of the Unemployment Compensation Law provides that an employee shall be ineligible for unemployment compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Willful misconduct has been defined as:

(1) the wanton and willful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interest or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

Claimant did not advise his employer that his absence would extend beyond May 5 is unsupported by substantial competent evidence. Claimant testified that he had called his employer on May 5 to explain that his injury required continued absence and his telephone bill reflected the call. No contrary testimony was introduced and the referee made no finding as to whether or not the employer had been advised. The Board found, however, not only that Claimant did not return to work on May 5, 1980, but also *that he did not advise his employer of his absence.*[2] In its finding of fact number 7, the Board further stated: "On May 14, 1980, when claimant reported for work, he was discharged *for his unreported absence from May 5, 1980 to May 14, 1980."* (emphasis added).

Clearly, the Board based its denial of benefits on a finding which it now candidly admits is not supported by substantial evidence. The board argues, however, that notwithstanding its admission that Claimant did notify his employer, benefits should nevertheless be denied because Claimant did not show good cause for his absence.

The record in this case shows that Claimant was on leave from his employment because of a work related injury. Claimant testified at the hearing before the referee that he extended this leave for one week on the advice of his physician when the injury continued to cause discomfort. He testified that the doctor mailed him a return to work slip dated May 14, 1980, which he presented to his employer when he reported to work on that date. To corroborate his testimony, Claimant offered a note from the physician verifying the issuance of the May 14, 1980 return to work slip. As stated previously, the employer offered no evidence to contradict this testimony. In fact, the

---

[2] Finding of fact number 5.

record shows that the employer did not attend the hearing or send represenation to present its case. In unemployment cases, the burden is with the employer to prove willful misconduct. *Zuraw v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 548, 434 A.2d 1312 (1981); *Green v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 231, 433 A.2d 587 (1981). And although absence may justify the discharge of an employee, it will not rise to the level of willful misconduct unless it is excessive or is coupled with failure to comply with company policy or procedures for reporting such absences.[3] Clearly the employer and the Board cannot rely solely on the certification to return to work on May 5 to prove willful misconduct when a subsequent statement by Claimant's treating physician established a reason for Claimant's absence until May 14. We find that the Claimant has met his burden in this regard.

As the evidence and the law will not support a finding of willful misconduct on the record before us, we enter the following

## ORDER

Now, May 4, 1983, the Decision and Order of the Unemployment Compensation Board of Review, Decision No. B-188740, dated October 17, 1980, is reversed.

---

[3] In *Petty v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974). Judge WILKINSON collected the elements considered in our cases finding willful misconduct in the circumstances of an employee's absence:

1. Excessive absences.
2. Failure to notify the employer in advance of the absence.
3. Lack of good or adequate cause for the absence.
4. Disobedience of existing company rules, regulations, or policy with regard to absenteeism.
5. Disregard of warnings regarding absenteeism.

*Id.* at 159-60, 325 A.2d at 643.