Jose R. Maldonado, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges CRAIG and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Michael Goldberg,* for petitioner.

*Richard F. Faux,* Assistant Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 10, 1986:

Claimant Jose Maldonado appeals from a decision of the Pennsylvania Unemployment Compensation Board of Review affirming the referee's decision that claimant's excessive absenteeism and his one-time failure to report off from work constituted willful misconduct under section 402(e) of the Pennsylvania Unemployment Law.[1]

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant worked in the maintenance department of the Victor Weaver Company (employer) for nearly six years until his discharge on February 10, 1984. The claimant's employment record indicated that he was absent from work on January 24, January 31, February 8 and February 10, 1984. The claimant left work early on January 20 and February 7, 1984. On February 6, 1984, in addition to being absent, he also failed to contact the employer to report off.

According to the referee's findings, adopted by the board, the claimant's wife had been suffering from depression for nearly two years when the employer discharged him. She had been hospitalized for her mental illness. The employer was aware of her illness and facilitated treatment by enrolling her in the employee assistance plan. The claimant left work early on two occasions after his wife telephoned him at work and pleaded with him to return home. Except for the one day when claimant failed to report his absence, he told the employer when reporting off that he could not work because he had to stay with his wife.

The issue is whether the board committed an error of law[2] in determining that the claimant's repeated absences from work constituted willful misconduct, disqualifying him from eligibility for benefits. We believe that the board erred as a matter of law, on the basis of the present findings.

One finding[3] held that the employer viewed the claimant's absenteeism and early departures as unexcused. Although that might have been the em-

---

[2] Where, as here, the party with the burden of proof prevailed before the board, our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence or whether the board committed an error of law. *Negron v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 137, 481 A.2d 699 (1984).

[3] Unemployment Compensation Board of Review, Finding of Fact No. 13.

ployer's viewpoint, the board had the duty to determine whether the absences were unexcused or unjustified as a matter of law, and not whether the employer considered those absences unexcused. This court has held repeatedly that there is a sharp legal distinction between the cause of the discharge from the employer's standpoint and willful misconduct which bars unemployment compensation benefits. *W. R. Grace v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 412, 412 A.2d 1128 (1980).

This court has held that absences where *justified* and *properly reported* do not disqualify the claimant from receiving benefits even though the absences could constitute a legitimate basis for discharge. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980). Although we cannot criticize the employer for discharging the claimant because of his difficulties in reporting to work, we cannot agree with the board's determination that those absences necessarily disqualified him from eligibility for benefits.

The agency decision reasoned that the claimant had "ample opportunities to make efforts to resolve any difficulties which his wife experienced which caused the claimant to be away from the work site" and "under such circumstances, the claimant's repeated absence . . . is sufficient to support a disqualification."

However, an employee's actions which are justifiable or reasonable under the circumstances cannot be considered willful misconduct. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). Because the Unemployment Compensation Law[4] now requires us to recognize that

---

[4] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

marital and other domestic circumstances can provide necessitous and compelling reasons entitling an employee to preserve eligibility for benefits in voluntary quit situations, we must also consider an employee's marital and other domestic circumstances when we determine whether an employee's absenteeism was justifiable or reasonable in an alleged willful misconduct situation.

The findings leave little doubt that the claimant's wife suffered severe depression. Both the employer and claimant tried to get her psychiatric help. She had been mentally ill for at least two years. Under the circumstances, especially if the claimant's testimony concerning her suicidal threats were to be accepted, the claimant may have acted reasonably in deciding to stay home with his distraught wife instead of reporting to work.

Moreover, a claimant who establishes good cause for violating the employer's reporting rules can preserve eligibility for benefits if such failure was justified. *Negron v. Unemployment Compensation Board of Review*, 85 Pa. Commonwealth Ct. 137, 481 A.2d 699 (1984).

The claimant's offered excuse is not addressed by the finding that the claimant failed to contact the employer to report on February 6.[5] The claimant testified that his wife fainted that morning and he took her to the hospital. In *Green v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. 231, 433 A.2d 587 (1981), we determined that the employee's failure to notify his employer, in compliance with the letter of the employer's policy, that he was leaving work to go to the hospital because of an emergency involving his son was not a "disqualifying dis-

---

[5] Unemployment Compensation Board of Review, Finding of Fact No. 10.

regard of the employer's interest."[6]   *Green v. Unemployment Compensation Board of Review*, 61 Pa. Commonwealth Ct. at 235, 433 A.2d at 589. Here, if the claimed medical emergency as to the claimant's wife was true, it could constitute good cause for his failure to report off to the employer.

Accordingly, we remand this case to the board to make findings as to whether the absences, and the one failure to report off, were justified by medical or other emergencies involving the claimant's wife.

ORDER

Now, January 10, 1986, the decision of the Pennsylvania Unemployment Compensation Board of Review at B-231583, dated June 11, 1984, is vacated and this case is remanded to the board to make findings as to whether the absences, and the one failure to report off, were justified by medical or other emergencies involving the claimant's wife.

Jurisdiction relinquished.

---

[6] Willful misconduct is established only where the acts complained of amount to wanton and willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has the right to expect of his employee, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties  and obligations to the employer. *Serban v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977).