522 A.2d 118

Robert E. Sedor, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lorraine M. Bittner,* with her, *Carol S. Mills McCarthy,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 6, 1987:

Claimant Robert Sedor appeals an order of the Unemployment Compensation Board of Review which af-

firmed a referee's decision denying benefits to the claimant because of his willful misconduct under section 402(e) of the Unemployment Compensation Law.[1]

The claimant, employed by Perq Systems as a personal computer inspector, was discharged from his employment for failing to report to work or to report off work for six days, beginning on November 26, 1984 and continuing through December 4, 1984.

The company's employee handbook provides:

The following are examples of employee actions which are unacceptable and will subject employees to corrective action;

. . .

Failure to notify the Company or provide an acceptable reason for absence of three consecutive days.

In this appeal, the claimant disputes that his actions constituted willful misconduct, contending that the employer failed to follow its established "corrective action" procedure, which the employee handbook describes as "of a progressive nature," and provides for a "verbal" (oral) warning and a written warning before an employee will be terminated for unacceptable behavior.

Further, the claimant contends that he had good cause for failing to call off concerning his absence because of the severity of his illness, sinusitis, and the distance from his home to the nearest telephone.

The claimant first asserts that he received no written warning. However, the board found:

On November 29, 1984, the claimant was mailed a written warning by the employer concerning his unreported absence from work.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

That finding is supported by the record. On November 29, the fourth consecutive day of the claimant's unreported absence, the employer, after failing to reach the claimant by telephone, mailed a letter to the claimant, informing him that his absence from work had reached the point of unacceptability, and that his failure to call in to report off work "has left us wondering about your intentions regarding future employment with our company."

The claimant admitted[2] that he received the letter, but suggests that it was merely a request for information and cannot reasonably be construed as a reprimand. However, the letter's plain language supports the board's finding.

The claimant also alleges that his telephone conversation with his supervisor on December 4, is insufficient to constitute an oral warning. The employer's disciplinary policy describes the required oral warning as "A disciplinary discussion between the supervisor and employee." The board found:

> 9. Claimant contacted the employer on December 4, 1984 and requested he be laid off, however the claimant was advised at that time he was in violation of company policy and would be subject to disciplinary action.

The board, as the ultimate finder of fact, *Bermudez v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 602, 457 A.2d 190 (1983), affirmed the referee's apparent acceptance of the testimony of the employer's representative, who stated, "I mentioned that [the claimant] was in violation of company

---

[2] In the Office of Employment Security's Summary of Interview, the claimant admitted that he had received a written warning from the employer's personnel director on November 29, 1984 and made no objection when the employer identified and entered that document into the record.

policy for absenteeism and he could be subject to . . . disciplinary action or whatever was required. I advised him at that point, he should contact [the employer's personnel director] the next morning."

Despite that December 4 warning to contact the personnel supervisor the next day, the claimant did not do so until December 7, at which time the personnel director informed him that his employment had been terminated.

The claimant next indicates that, even if he did receive the required verbal and written warnings, he did not receive them in the order indicated in the employee handbook and accordingly contends that the employer's failure to follow its disciplinary policy precludes a conclusion of willful misconduct against him. We refuse to adopt the claimant's rigid construction of the disciplinary policy.

The preamble to the policy's three steps of corrective action states:

> If you . . . are having problems at work or not
> performing your job duties well, we believe that
> you should be given a chance to correct the situation.

According to the record, the claimant telephoned his supervisor on December 4 to request that he be laid off and apparently made no mention of his unreported absences. Then, despite his supervisor's instruction that he call the personnel supervisor the next day, the claimant waited three more days before doing so. Nor did the November 29 letter prompt any corrective action by the claimant.

Although the handbook designates the oral warning as number one, the written warning as number two, and termination as number three, one, the record clearly reveals that the claimant received every opportunity entitled him under the policy to rectify his failure to call

off. The reversal of the warnings placed him at no unfair disadvantage.

Finally, the claimant, noting that the closest telephone is one-quarter to three-eighths of a mile from his home, alleges that his sinusitis condition rendered him physically unable to call off during his absence. This court has, in the past, concluded that failure to comply with an employer's reporting off requirement, despite illness, can constitute willful misconduct, *Yerger v. Unemployment Compensation Board of Review,* 73 Pa. Commonwealth Ct. 278, 457 A.2d 1333 (1983). However, the board here affirmed the referee's finding which merely summarized the claimant's reason for noncompliance with the employer's rule, but did not resolve the good cause issue.

Where evidence in the record indicates that a claimant may in fact have acted justifiably in violating his employer's reporting rules, and the board has failed to address the issue of good cause in its decision, this court must remand to the board for findings addressing whether the claimant's actions were justified. *Maldonado v. Unemployment Compensation Board of Review,* 94 Pa. Commonwealth Ct. 149, 503 A.2d 95 (1986).

However, this court has also held that, "where there is nothing in the record to indicate that Claimant's actions were reasonable or justifiable under any circumstances, the Board does not err where it concludes that a claimant's conduct constitutes willful misconduct, even when the board does not set forth specific factfindings and conclusions of law on the issue of good cause." *Maikits v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 491, 495, 456 A.2d 1157, 1159 (1983).

In the present case, the claimant has failed to produce any evidence, other than his own testimony, which suggests that the severity of his condition rendered him

physically incapable of travelling one-quarter mile to telephone his employer, calling off through an agent, or mailing a note of explanation. As in *Maikits*, the existence of alternatives through which the claimant could have satisfied with the employer's rule, renders his noncompliance insufficient to constitute good cause.

The decision of the board is affirmed.

### ORDER

Now March 6, 1987, the order of the Unemployment Compensation Board of Review at B-238939, dated March 25, 1985, is affirmed.