# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William A. White,                      :
                    Petitioner    :
                                  :
              v.                     :  No. 18 C.D. 2019
                                  :  ARGUED:  September 10, 2019
Unemployment Compensation Board        :
of Review,                             :
                Respondent     :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  October 1, 2019**


           William A. White (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) that affirmed the order of the referee denying him unemployment compensation benefits, concluding that his actions constituted willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]  We affirm.

           The relevant facts as found by the Board are as follows.[2]  From December 2010 to August 2018, Claimant worked as a full-time social studies teacher for Commonwealth Connections Academy (Employer).  (Finding of Fact "F.F." No. 1.)  Claimant was aware of Employer's policies and Employer terminated

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[2] After considering the entire record, the Board adopted and incorporated the referee's findings and conclusions in their entirety.

his employment for failure to abide by its attendance reporting policy, which provided, in pertinent part, as follows:

> All School employees are required to request and personally report all absences from work through the leave reporting system defined by the Human Resources Department . . . . An employee who will be absent or reporting to work late must personally contact and inform their [sic] Supervisor and/or Site Lead, providing circumstances, prior to the start of the work day.

(F.F. No. 2.)

By way of background, Claimant's supervisor retired in June 2018. On June 4, 2018, a new Assistant Principal sent an email to staff introducing herself. (F.F. No. 5.) On August 10, 2018, the Principal sent an email to staff outlining a change in teacher leads and listing offices with names after each office thereby notifying teachers of their respective supervisors. (F.F. No. 6.) The purpose of the change was to improve supervision and to increase availability. (*Id.*) Pertinent to Claimant, the new Assistant Principal was one of the three names listed for Employer's Capital Campus location. (F.F. No. 7.)

On August 18, 2018, Claimant became ill. On August 20, 2018, Claimant planned to attend a non-mandatory trade day session and to ride with a coworker. Claimant advised the coworker that he was sick and cancelled the ride, but did not notify Employer. (F.F. Nos. 9 and 10.) On August 21, 2018, Claimant went to the emergency room. Thereafter, he contacted another coworker by text message and stated that he was sick. (F.F. Nos. 11 and 12.) Subsequently, several coworkers learned from Claimant's wife that he had been to the emergency room. (F.F. Nos. 13 and 14.) However, Claimant neither reported to work nor reported off work on August 21 and 22, 2018. (F.F. Nos. 15 and 16.)

On August 22, 2018, a coworker showed Claimant's text message to the new Assistant Principal. As a result, she sent Claimant several emails to which he failed to respond. (F.F. Nos. 18 and 20.) Claimant neither reported to work nor reported off work on August 23 and 24, 2018. (F.F. Nos. 19 and 21.) On August 24, 2018, the Assistant Principal telephoned Claimant and left a voice message to which he failed to respond. (F.F. Nos. 22 and 23.) Consequently, Employer sent Claimant an August 24, 2018, letter by email, registered mail, and regular mail advising him of its determination that he had abandoned his position and its decision to terminate his employment effective August 24, 2018. (F.F. No. 24.) In support, Employer cited Claimant's failure to report to work from August 20 to 23, 2018, his failure to follow the appropriate procedures to request time off, the lack of contact from him or anyone on his behalf, and Employer's attempts to contact him by email and voice mail. (*Id.*)

Following Employer's issuance of the termination letter, Claimant listened to the Assistant Principal's voice message on Saturday, August 25, 2018, and left her two voice messages on Sunday. (F.F. Nos. 25 and 26.) On Monday, August 27, 2018, Claimant's wife left a voice message for the Assistant Principal, and the Assistant Principal returned the wife's call. (F.F. No. 27.) On August 29, 2018, Claimant's wife provided Claimant with copies of the termination letter sent by registered and regular mail. (F.F. No. 31.) However, "Claimant did not contact the Employer to discuss the separation or to explain why he did not call to report his absences." (F.F. No. 32.)

Subsequently, Claimant applied for unemployment compensation benefits. Following the UC Service Center's eligibility determination, Employer appealed. A referee held a hearing at which Claimant, with counsel, and two

witnesses appeared. Employer, with a tax representative, presented three witnesses. The referee found Claimant to be ineligible for benefits and the Board affirmed. Claimant's petition for review followed.

Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." The term "willful misconduct" has been defined to include the deliberate violation of rules and the disregard of standards of behavior which an employer can rightfully expect of its employee. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). The employer bears the initial burden of proving that a claimant engaged in willful misconduct and, if the willful misconduct charge is based upon a violation of a work rule, the employer must prove the existence of the rule, its reasonableness, and the employee's awareness of the rule. *Brown v. Unemployment Comp. Bd. of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). Once an employer satisfies its prima facie case, the burden shifts to the claimant to demonstrate that the rule was unreasonable or that he had good cause for his conduct. *Id*. The claimant has good cause if his action "is justifiable or reasonable under the circumstances." *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976). If the claimant establishes good cause, the conduct is "not in disregard of standards that the employer had a right to expect." *Rossi v. Pa. Unemployment Comp. Bd. of Review*, 676 A.2d 194, 197-98 (Pa. 1996).

In the present case, there is no dispute that Claimant failed to comply with Employer's attendance reporting policy. In addition, Claimant acknowledged that he had complied with the policy many times in the past. (Notes of Testimony

4

"N.T." at 29; Record at 97.) However, Claimant maintains that Employer never explicitly advised him of the identity of his supervisor for the 2018-19 school year, challenging the finding of fact that he received the August 2018 email from the Principal listing the three assistant principals serving as site leads. In addition, Claimant maintains that he was physically unable to comply with the policy.

Claimant is improperly promoting his version of the facts on appeal.[3] As noted, after Claimant's supervisor retired, the new Assistant Principal sent a June 2018 email to staff introducing herself. Claimant acknowledged that he knew her. (*Id*.) With respect to the Principal's August 2018 email, the record reflects the testimony of Employer's Senior Director of Human Resources that the Principal issued an email to all of the staff members advising them of their respective supervisors. (*Id*. at 12; Record at 80.) In addition, Employer submitted the email into evidence as Employer's Exhibit No. 3. As for Claimant, he testified as to his assumption that he received the email and might have looked at it. (*Id*. at 31; Record at 99.) In addition, he acknowledged that he knew all of the three persons listed in the email but that it was not specific as to the identity of his personal supervisor. (*Id*. at 29; Record at 97.) Nonetheless, he acknowledged that he failed to notify any of

---

[3] Findings of fact are conclusive on appeal as long as the record, taken as a whole, contains substantial evidence to support those findings. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194 (Pa. Cmwlth. 2008). Substantial evidence is defined as relevant evidence upon which a reasonable mind could base a conclusion. *Johnston v. Unemployment Comp. Bd. of Review*, 502 A.2d 738, 740 (Pa. Cmwlth. 1986). When ascertaining whether there is substantial evidence to support the findings of fact, we must examine the testimony in the light most favorable to the prevailing party, affording that party with the benefit of any inferences which can logically and reasonably be drawn from the evidence. *Johnston*, 502 A.2d at 740. Whether the record contains evidence to support findings other than those rendered by the Board is irrelevant. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

the three persons listed of his absences. (*Id*.) In addition, he made no effort to ascertain the identity of his specific supervisor.

As for Claimant's assertion that he was physically unable to comply with the policy, the factfinder weighed the evidence and construed it in Employer's favor. Specifically, the factfinder observed that "Claimant did not provide testimony to explain why he was well enough to notify a coworker but unable to send a text message to any of the three [assistant principals] as required by policy." (Decision at 4.) In addition, after listening to the Assistant Principal's voice message, Claimant waited a day to return her call. Accordingly, even though Employer did not dispute Claimant's illness,[4] the factfinder concluded and we agree that Claimant failed to establish good cause for his actions. (*Id*.)

Finally, Claimant maintains that the Board erred as a matter of law in concluding that he committed disqualifying willful misconduct.[5] As an initial matter, even absences with good cause but without notice can constitute willful misconduct if the employer requires notice and the claimant's failure to provide notice is without good cause. *Sedor v. Unemployment Comp. Bd. of Review*, 522 A.2d 118 (Pa. Cmwlth. 1987); *Yerger v. Unemployment Comp. Bd. of Review*, 457 A.2d 1333 (Pa. Cmwlth. 1983). Claimant acknowledged that it was not protocol to report absences to anyone other than an immediate supervisor. (N.T. at 29 and 32; Record at 97 and 100.) In addition, he failed to establish that Employer in the past tolerated having a coworker notify a supervisor of another coworker's illness. *See Seton v. Unemployment Comp. Bd. of Review*, 663 A.2d 296, 299 (Pa. Cmwlth.

---

[4] (N.T. at 28; Record at 96.)

[5] Whether a claimant's conduct constitutes willful misconduct is a question of law over which we exercise plenary review. *Frazier v. Unemployment Comp. Bd. of Review*, 833 A.2d 1181 (Pa. Cmwlth. 2003).

1995) (an acceptable past practice must be unequivocal, clearly enunciated and acted upon, readily ascertainable over a reasonable time as fixed, and established practice accepted by both an employer and the employees).

Further, notwithstanding a lack of prior unexcused absences, even a single instance of an unreported absence may constitute willful misconduct where an employer's disciplinary policy permits. *White v. Unemployment Comp. Bd. of Review*, 450 A.2d 770 (Pa. Cmwlth. 1982); *Pollard v. Unemployment Comp. Bd. of Review*, 382 A.2d 791 (Pa. Cmwlth. 1978). Here, Claimant failed to report his absences for five consecutive days.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William A. White,             :
               Petitioner      :
                          :
            v.               :    No. 18 C.D. 2019
                          :
Unemployment Compensation Board    :
of Review,                       :
            Respondent    :

# **O R D E R**

AND NOW, this 1st day of October, 2019, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

<br>

_____

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge