William H. Dick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Paul D. Welch,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, July 29, 1980:

William H. Dick (Claimant) appeals from the decision of the Unemployment Compensation Board of Review (Board) denying him unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e), which states that an employee is ineligible for benefits if discharged for wilful misconduct.[1]

---

[1] Wilful misconduct may be defined as:

wanton or wilful disregard of the employer's interest; a deliberate violation of rules, a disregard of behavior standards which an employer can reasonably expect or negligence such as to manifest culpability, wrongful intent or evil design or show an intentional and substantial disregard of the employer's interests or the employe's duties.

*Nyzio v. Lee Tire and Rubber Co.,* 26 Pa. Commonwealth Ct. 600, 602, 364 A.2d 981, 982 (1976).

Claimant was employed by Roadway Express, Inc. (Employer) as a tractor-trailer driver. The terms of his employment were that he would be on call twenty-four hours per day, seven days per week until he had worked forty hours. On any day that Claimant was unable to work, he was to call the Employer and "book off." The Claimant was expected to be at home to receive a phone call on two hours notice to report for work.

On April 15, 1978, Claimant was discharged because the Employer received a busy signal on three occasions when phoning the Claimant to advise him to report for work. The Employer stated, on Bureau (now Office) of Employment Security form UC-45, that Claimant was discharged for "[f]ailure to meet work responsibilities — absenteeism."

The record shows that the Employer considered the Claimant's work record for the nine months immediately prior to April 15, 1978 in determining what discipline should be imposed for that infraction. This work record revealed the following: 1) Claimant was suspended for three days on September 20, 1977 because he had missed fifteen work opportunities since May 23, 1977; 2) Claimant received a three day suspension on December 27, 1977 because he had missed six out of nineteen work opportunities immediately prior to that date; 3) Claimant received a three day suspension because he was not at home to receive a call to work on February 11, 1978; and 4) Claimant received a five day suspension on February 23, 1978, because he gave the Employer less than one hour's notice of his inability to report for a work assignment he had accepted earlier that same morning.

The referee found that Claimant's unsatisfactory attendance record amounted to wilful misconduct in this case. The Board granted the Claimant a second hearing, with the referee acting as hearing examiner, so

that further medical evidence could be presented. The Board found that the Claimant's medical evidence did not establish good cause for his absences and that he had made himself unavailable for work. This conduct amounted to wilful misconduct in the Board's opinion.

The Claimant presents four questions for our review, but these may be summarized to present the issue as whether the Board's findings are supported by substantial competent evidence and whether the findings support the legal conclusion of wilful misconduct.

Our scope of review in unemployment compensation cases is to determine that the Board's findings are free of fraud, legally correct and based on substantial evidence. Questions of credibility and weight of the evidence are for the Board. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Also, the employer, who succeeded below, is to be given the benefit of any inferences that are reasonably and logically drawn from the evidence. *Hinkle v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 512, 308 A.2d 173 (1973).

This case presents a slightly different than usual problem with regard to absenteeism because of the on-call status of Claimant. It is clear from the record, however, that Claimant recognized that he had a duty to "book off" on days he would not accept work. Further, although the Board states in its discussion that the Claimant testified that he did report off on all occasions and that the Employer did not refute this, the record shows that the Employer's testimony does refute that Claimant had "booked off" on the days in question.[2] The referee and the Board made no finding on the issue of notice.

---

[2] QR: You had a record of always reporting off?
AC: Yes Sir!
QR: Why don't they have a record of that?

The Law on absenteeism as wilful misconduct is quite clear. While absence due to illness does not constitute wilful misconduct, failure to report such an absence in the manner prescribed by the employer is wilful misconduct. *Gallagher, supra.*

In the instant case, Claimant goes to great lengths to prove that his refusals of work were justified, but, apparently, the point of this case is that, if the Claimant had given proper notice of his unavailability for work, he would not have received calls to work in the first place. The record shows that Claimant received no discipline on account of an absence from September 21, 1977 to October 24, 1977; presumably this is because the Employer received proper notice of that illness.

Whether the findings support the conclusion that Claimant's behavior amounted to wilful misconduct is one of law to be decided by this Court. *O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 333 A.2d 815 (1975). Where, as here, however, there are no findings on a vital issue, appellate review is not possible. *Unemployment Compensation Board of Review v. Kells,* 22 Pa. Commonwealth Ct. 479, 349 A.2d 511 (1975). If the only evidence of wilful misconduct on this record were the absences of Claimant, we would remand for findings on the issue of whether proper notice was given to the Employer. However, the Claimant's discharge was also premised on three incidents not involving absence and we must examine these to determine whether they form an independent basis for a finding of wilful misconduct.

First there is the incident of February 11, 1978; the Claimant was not at home when the Employer called

AE: I can only say that the disciplinary action that we have taken and I take exception to what Mr. Dick said.

him to work. The Claimant testified that he was out to take his daughters home to insure that they would be able to attend school the next day.

The Board stated that Claimant's failure to make himself available for work, considering his on-call status, must be seen as detrimental to the Employer's interests. We agree.

Claimant argues that his absence from home was justified because he was fulfilling parental duties. However, he gave no notice to the Employer that he would be unavailable and he did not testify that he made any effort to arrange alternate transportation for his children. Under all the circumstances, the Board's finding that his failure to accept work was detrimental to his Employer's interests is reasonable.

Second, Claimant failed to give one hour's notice of his inability to report for work. The record shows that Claimant received a call to work on February 23, 1978 at approximately 6:10 a.m. He was to report at 8 a.m. and agreed to do so. Claimant testified that he had been ill the previous night and, while he thought he was sufficiently recovered to go to work, suffered renewed symptoms after accepting the work call. At the first hearing, the Claimant's testimony on when he called the Employer back is confused.[3] At the second hearing, both he and his wife testified that the Employer was called at 6:45 a.m. The Employer's testimony asserts that they received the call at 7:30 a.m.

The Board specifically found that Claimant had failed to give one hour's notice and that his testimony

---

[3]  ... My wife made me two soft boiled eggs and a glass of milk. I ate and at 6:30 I throwed up and had blood coming up with it. At six forty, there's the woman that made the phone call. Twenty minutes before I was supposed to be at work at 8:00. There's the woman that made the phone call ...

to the contrary is not credible. The Claimant does not assert that he was unaware of the policy on giving an hour's notice nor does he claim that the rule is unreasonable. The Board's finding as to this incident is based on substantial evidence and will not be disturbed on appeal.

Finally, as to the incident that precipitated Claimant's discharge, the record shows that the Employer attempted to reach Claimant three times by phone on April 15, 1978, but received a busy signal each time. The Claimant alleges that no one in his home was using the phone nor was the phone off the hook. The Claimant asserts that the busy signal was received because the trunk lines between the Bell Telephone System and the United Telephone System were all busy. He offered no evidence, other than his testimony, to prove this difficulty between phone systems.

The Board specifically found Claimant's testimony to be incredible. Questions of credibility are for the Board and their decision thereon is binding upon this Court. *Hinkle, supra.*

We find that Claimant's behavior on the three occasions discussed amounts to wilful misconduct. The Claimant's actions were clearly detrimental to his Employer's interests and can be characterized as a "conscious indifference" to the duty he owed his Employer. *Homony v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 142, 312 A.2d 77 (1973).

The Claimant argues that the Employer did not present sufficient evidence to sustain the burden of proving wilful misconduct and that two of the Board's findings of fact are based solely on uncorroborated hearsay.

We find no merit in Claimant's contention that the Employer did not sustain the burden of proof. As we

have noted, there is substantial evidence to support the Board's findings. The crux of Claimant's argument appears to be that the Employer did not present detailed testimony as to the exact rules violated by Claimant. The record belies this theory, however. It is clear, and Claimant admitted,[4] that the Employer required notice of one hour if an employee was "booking off" for the day. Further, the Claimant's testimony supports the Employer's contention that employees were expected to be available for work when on call. The Claimant stated that no one used the phone on April 15, 1978 because "... I did not use the phone or wouldn't let anyone use the phone because I might be called out ..." The Claimant did not question the existence of the Employer's rules or their reasonableness below, and cannot raise these issues here. Pa. R.A.P. 302.

As to Claimant's argument that findings of fact 11 and 12[5] are based solely on hearsay, the record shows that the terminal manager and the personnel manager both testified on behalf of the Employer before the referee.[6] The Claimant admits that the terminal manager had first hand knowledge of the circumstances underlying findings 11 and 12. The record does not identify which Employer representative is speaking so that we cannot determine which testimony

---

[4] CL: What would the rules be concerning the time period you would have to call, you would have to book off?

AC: Well I suppose it was, I was under the impression of one hour.

[5] 11. The claimant failed to give the prescribed one-hour notice that he would not be able to report.

12. On April 15, 1978, the employer attempted to contact the claimant for available work but was unable to do so because the telephone was busy.

[6] While Claimant's brief asserts that only the personnel manager testified, the record clearly shows that both Employer representatives did testify.

is based on first hand knowledge and which is based on business records.

The general rule is that a finding of fact based solely on hearsay, even if no objection was made, will not stand unless corroborated by other evidence in the record. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

First of all, we must note that Claimant was represented by counsel at the hearing before the referee. Since the terminal manager's testimony would not be hearsay and since no objection based on hearsay was made by Claimant's counsel, we believe that a reasonable inference may be drawn from the record that the terminal manager testified as to the circumstances underlying findings 11 and 12. *Hinkle, supra.*

Further, the personnel manager testified from business records. These records clearly fall within an exception to the hearsay rule and are competent evidence. *Dudley v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 186, 387 A.2d 996 (1978).

Because we have found that the Claimant's absences cannot be considered in this appeal since necessary findings of fact were not made on the issue of notice, we need not reach Claimant's argument that the absences were justified.

We affirm.

### Order

And Now, this 29th day of July, 1980, the order of the Unemployment Compensation Board of Review, dated April 27, 1979, denying benefits to William H. Dick is hereby affirmed.