Roadway Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1983, before Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

*Richard L. Bush,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, March 21, 1984:

Roadway Express, Inc. (Roadway) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision granting unemployment compensation benefits to the claimant, Daniel A. Virtue (Claimant). We will remand.

Claimant was employed as a full-time truck driver for Roadway from January 15, 1978 until March 11, 1981, when he was laid off and subsequently placed at his request, on an on-call eligibility list. Under this arrangement Claimant agreed to be on-call twenty four hours per day, seven days per week, and to report to work within two hours of being called. Such calls were made to individuals on on-call status, in the order in which their names appeared on the eligibility list, as work became available which the full-time drivers were unable to perform.

On May 3, 1981, Claimant called Roadway at approximately 8:30 a.m., and again at 12:30 p.m., and

106

was informed by the dispatcher that no work was currently available. At approximately 5:16 p.m., however, the dispatcher called Claimant to inform him that work was available, work which Claimant subsequently refused. Thereafter the Office of Employment Security denied Claimant's request for benefits for the benefit week ending May 9, 1981, on the ground that his earnings would have exceeded his partial benefit credit plus his weekly benefit amount if he had accepted the May 3, 1981 offer of employment. Claimant then appealed from this determination to a referee, and a notice of hearing form was sent to the parties which listed Section 401, 4(u) and 804 of the Unemployment Compensation Law (Law)[1] as the subject of the referee's hearing. At the hearing, however, the parties in effect addressed themselves to the question of whether Claimant was disqualified from receiving benefits by the provisions of Section 402(a) of the Law, 43 P.S. §802(a), a section of the Law which provides, *inter alia,* that "[a]n employe shall be ineligible for compensation for any week—(a) in which his unemployment is due to failure, without good cause . . . to accept suitable work when offered . . . by any employer. . . ." In this regard, Claimant did not contend that the offered employment was unsuitable, but instead offered the following explanation to establish why he had good cause for refusing the offered employment:

> Well that day I called in around, it was 8:30 in the morning, just before I went to church, to call up and ask them, would they be calling. I called in, they told me, no they wouldn't be get-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* §§801, 753(u), and 874.

ting me today. I came back from church, I called in again around 12:30. And I asked them again. I said, are you going to be getting me today? And they told me, no, they wouldn't get me today. They're not calling anybody. So at that time, I made plans to go out with my family. And as we were leaving out the door around 5:00 to go over and visit my friend, Roadway called and asked me to work, and I refused to work because I had already made plans with my family to go out, and I didn't feel I had proper rest under D.O.T. regulations. So I refused the work call.

Claimant also submitted a copy of 49 C.F.R. §392.3 which reads in pertinent part as follows:

No driver shall operate a motor vehicle, and a motor carrier shall not require or permit a driver to operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness or any other cause as to make it unsafe for him to begin or continue to operate the motor vehicle.

The referee made no finding on the issue of Claimant's ability to drive on May 3, 1981, however, but instead simply awarded benefits on the basis of his finding that "there was no credible or competent evidence presented by employer to show the call was, in fact, made". The referee additionally noted that he thought that a work rule which required an employee to be on-call twenty-four hours per day was unreasonable. The Board subsequently affirmed this decision, and present appeal followed.

Initially we note in the Board's finding that Roadway failed to present competent evidence that an offer

of work was made on May 3, 1981, which we interpret as a finding that an offer was in fact not made, is clearly in capricious disregard of the evidence presented. Before the referee, Claimant's supervisor testified that Claimant had been offered employment on May 3, 1981, and then offered in evidence, without objection, the call list for the day in question which showed the time Claimant had been called. In addition, Claimant himself testified that he had been called and offered work.

It is also beyond dispute that a twenty-four hour per day on-call rule is not per se unreasonable thereby justifying, as a matter of law, the refusal to accept offered employment. *Dick v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 285, 417 A.2d 841 (1980). In any event, Claimant did not even allege here that he felt the on-call rule was unreasonable.

Turning to the determinative issue in this case, whether Claimant refused, without good cause, to accept suitable employment, we are precluded from exercising our appellate review since the Board has failed to make necessary findings of fact on this issue. We are therefore forced to remand. *Kostek v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 271, 392 A.2d 909 (1978).

ORDER

Now, March 21 ,1984, the order of the Unemployment Compensation Board of Review at Decision No. B-200743, dated October 30, 1981, is vacated and the record in this case is hereby remanded to the Board for the purpose of taking additional evidence and for the making of adequate findings of fact consistent with the above opinion. Jurisdiction relinquished.