Roadway Express, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 1, 1984, before Judges WILLIAMS, JR., BARRY and COLINS, sitting as a panel of three.

*Richard L. Bush,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 5, 1984:

The Unemployment Compensation Board of Review (Board) reversed a referee's decision reducing benefits granted to Richard H. Behrens (claimant) by vacation pay received by claimant during the compensable week ending January 9, 1982 and Roadway Express, Inc. (employer), appealed. The issue for determination is whether claimant was "indefinitely separated from his employment" within the meaning of Section 404(d)(ii) of the Unemployment Compensation Law (Law)[1] so that benefits received would not be reduced by vacation pay.[2]

Claimant was employed by Roadway Express, Inc. Claimant's last day of work was December 13, 1981 after which date claimant was placed on employer's regular call-board status but was not on lay-off status.[3] Claimant had not worked since December 13, 1981 due to a lack of work. Claimant was given vaca-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(d)(ii).

[2] Section 404(d)(ii) reads in pertinent part as follows:

(d) Notwithstanding any other provision of this section each eligible employee who is unemployed with respect to any week ending subsequent to the first day of July, one thousand nine hundred seventy-four, shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . (ii) vacation pay, if any, which is in excess of his partial benefit credit, except when paid to an employee who is permanently or indefinitely separated from his employment. . . .

[3] Employer maintains a regular call-board whereby employer holds call work for those employees on the regular call-board. Employees on call-board status are obligated to stand by and accept work when available. There is no reasonable assurance that

tion by the employer from December 22, 1981 through January 4, 1982. The employer's work week is seven days, beginning on Tuesday and ending the following Monday, and claimant's vacation pay was pro-rated over the seven-day work week.[4] For the compensable week ending January 9, 1982, claimant received vacation pay amounting to $163.92.[5]

Following the vacation period, claimant re-opened his unemployment claim effective January 3, 1982 and the Office of Employment Security (OES) approved benefits without a deduction for vacation pay. The employer appealed and, after a hearing, the referee reversed the OES determination holding that claimant was not "indefinitely separated from his employment" and that claimant's benefits must be reduced by the vacation pay received in excess of the partial benefit credit under Section 404(d)(ii) of the Law. Claimant appealed the referee's decision and the Board reversed, granting claimant full benefits without deduction for vacation pay. Employer petitions for review by this Court.

The employer argues that the Board's finding of fact stating claimant had no specific or anticipated date of recall is not supported by substantial evidence and that the Board's conclusion of law cannot be sustained without capricious disregard of the evidence.

The record contains substantial evidence to support the Board's finding of fact. The only distinc-

an employee in regular call-board status will be given work. Employees who are in lay-off status are not required to make themselves available for call work.

[4] The first five days are regularly scheduled working days with the remaining two days being designated relief days.

[5] Claimant's weekly vacation pay of $510.00 is pro-rated over the seven-day work week at a rate of $81.96 per day. For January 3 and 4, 1982, claimant received vacation pay in the amount of $163.92.

tion between regular call-board status and lay-off status was that an employee in lay-off status need not be available for call work. By being on regular call-board status, claimant had no reasonable assurance of being given work.[6] The fact that the employer-employee relationship was never severed does not alter the status of the uncertain nature of claimant's returning to work. Claimant was given no idea of when or if he would be called back to work by employer. Accordingly, we find the Board's finding of fact supported by substantial evidence and is conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

We have addressed the meaning of the term "indefinitely separated from his employment" in the context of Section 404(d)(ii) on several prior occasions. We have held that a claimant is *not* "indefinitely separated from his employment" when:

1. the separation period is fixed as to length;

2. the employee has knowledge of when he is to return to his employment; and

3. there is no evidence which indicates an intent on the part of the employer not to recall the employee.

*See Libby-Owens-Ford Company v. Unemployment Compensation Board of Review*, 42 Pa. Commonwealth Ct. 430, 400 A.2d 1353 (1979); *United States Steel Corp. v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 445, 368 A.2d 1319 (1977).

---

[6] A more extensive discussion of employer's call-board practice is found in *Roadway Express, Inc. v. Unemployment Compensation Board of Review*, 81 Pa. Commonwealth Ct. 182, 185-189, 473 A.2d 239, 241-42 (1984).

Applying this standard to the facts before us, we conclude claimant was "indefinitely separated from his employment" within the context of Section 404 (d)(ii) of the Law. While there is no evidence showing any intent of the employer not to recall claimant, the other two criteria are clearly not met. Claimant's period of separation from work was not fixed as to length and claimant had no knowledge of when, or if, he was to return to work. As noted by the employer, the three-pronged test of *Libby-Owen-Ford Co.* and *United States Steel Corp.* is read in the conjunctive requiring *all* three elements to be met for a separation *not* to be considered an indefinite separation from employment. Here, two of the three prongs are definitely not met and claimant was clearly "indefinitely separated from his employment" within the meaning of 404(d)(ii) of the Law. The employer's argument that there was no "separation" as claimant continued as an employee is unpersuasive as claimant was clearly "unemployed" within the meaning of Section 4(u) of the Law, 43 P.S. §753(u),[7] and claimant's call-board status only gave claimant a preference, according to seniority, to call work when and if it became available. The mere fact claimant was on a call list and available to employer for work does not change the essential facts that claimant was not working and had no idea when or if he would be called for

---

[7] Section 4(u) reads in pertinent part as follows:

(u) "Unemployed."

An individual shall be deemed unemployed (I) with respect to any week (i) during which he performs no services for which renumeration is paid or payable to him and (ii) with respect to which no remuneration is paid for payable to him, or (II) with respect to any week of less than his full-time work if the renumeration paid or payable to him with respect to such week is less than his weekly benefit rate plus his partial benefit credit.

502

work. We agree with the Board's conclusion that claimant was "indefinitely separated from his employment" within the meaning of Section 404(d)(ii) of the Law and entitled to full benefits for the compensable week ending January 9, 1982.

Having found the Board's findings of fact supported by substantial evidence and no error of law committed by the Board, under our limited scope of review, *see* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm the Board's order.

ORDER

AND Now, the 5th day of July, 1984, the order of the Unemployment Compensation Board of Review in the referenced matter, No. B-206410, dated June 3, 1982, granting total benefits to Richard W. Behrens is hereby affirmed.