Angel Vargas, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 1, 1984, before Judges MACPHAIL, DOYLE and BARRY, sitting as a panel of three.

*Juan R. Sanchez,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 24, 1985:

This is an appeal of a decision and order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision and denied Angel Vargas (Claimant) unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (willful misconduct).

The referee found that Claimant had been employed as a mushroom picker by Kennett Canning Company (Employer) and that on January 11, 1982 Claimant left work in the middle of the day after notifying Employer that he was ill. Claimant did not report to work on January 12th through January 15th, nor did he contact Employer during that time period. Claimant did seek treatment for his illness. The referee, during the course of the hearing, posed the fol-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

lowing question to Claimant, after Claimant had testified that it was his understanding that Employer's policy was that an employee should *either* call in sick and not submit a doctor's certificate upon returning to work *or* not call in sick and submit a doctor's certificate upon returning to work.

Q. Does that even apply to long periods of time like if a person's going to be out for two or three weeks, do they have to can they be out *be out* (sic) for two or three weeks without reporting and then bring the doctor's certificate back?

A. Okay. In a situation when it's going to be long, absent for a long time out of work, he knows that they will fire him. Ahh, (inaudible) he doesn't know about.[2]

Based solely upon this evidence the referee denied benefits and the Board affirmed the decision. Where, as here, the party with the burden of proof prevailed below, we must determine whether there is substantial evidence on the record to support the findings of fact or whether there is an error of law. *Dick v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 285, 417 A.2d 841 (1980).

It has long been the law that absenteeism alone, while grounds for discharge, is not a sufficient basis for a denial of benefits. *Welded Tube Company of America v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 231, 401 A.2d 1383 (1979). Some additional element or elements must be present to justify the denial of benefits. Judge WILKINSON effectively categorized these elements as (1) excessive absenteeism (2) failure to notify the employer in advance of the absence (3) lack of good or

---

[2] Claimant's answers are in the third person because his responses were elicited through his attorney/interpreter,

adequate cause for the absence (4) disobedience of an employer's policy or (5) disregard of warnings. *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 159-60, 325 A.2d 642, 643 (1974).

In the present case the referee made no finding that Claimant was excessively absent or that he had been given prior warnings, nor did he find as a fact that Employer (who did not attend the hearing or present any evidence) had a policy with respect to reporting off. Claimant did, however, testify as to his understanding of such a policy, as noted above. But Claimant's testimony indicates that reporting off was not necessary when an employee submitted a doctor's certificate upon his return. The referee made no finding with respect to whether Claimant submitted a doctor's certificate, although such a certificate *was* entered into evidence. The referee instead based his determination of willful misconduct on Claimant's response to the hypothetical question quoted above. But that hypothetical assumes a material fact not in evidence, *i.e.*, a lengthy absence. "A hypothetical question is only proper when based on an assumed state of facts which the evidence tends to establish." *Frontage, Inc. v. Allegheny County*, 400 Pa. 249, 255, 162 A. 2d 1, 5 (1960). Where, as here, a hypothetical question has no basis in the facts in evidence, the answer given thereto has no relevance, and does not constitute proof in support of a finding of willful misconduct.

With respect to the other factors in *Pettey* the referee found that Claimant did notify Employer before he left work and further found that Claimant was in fact ill. Absence due to illness does not constitute willful misconduct. *Dick.*

Having thus found that there was no evidence that Claimant's absence was coupled with any of the addi-

tional elements required by *Pettey* to support a determination of willful misconduct, we accordingly reverse the decision of the Board.[3]

ORDER

Now, January 24, 1985, the decision and order of the Unemployment Compensation Board of Review in the above captioned matter No. B-204846, dated April 23, 1982 is hereby reversed.

---

[3] We must express our concern that Claimant's entire hearing consisted of six pages of testimony which contained fourteen separate indications that the testimony (presumably recorded) was inaudible and thus unable to be transcribed. We cannot help but question how anyone, including the Board, could conduct an effective review in this case.