IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven J. Ganster, : 
                                       : No. 375 C.D. 2016
                 Petitioner : Submitted: August 26, 2016
                                         :
                  v. :
                                         :
Unemployment Compensation : 
Board of Review, :
                                         :
                 Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED: October 11, 2016

        Steven J. Ganster (Claimant) petitions *pro se* for review of the January 13, 2016 order of the Unemployment Compensation Board of Review (Board), which affirmed a referee's determination and held that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law).[1] We affirm.

        Claimant began his employment with M&J Electric Inc. (Employer) as a full-time apprentice on August 4, 2015. On September 21, 2015, Claimant was

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b). Section 402(e) provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge from work for willful misconduct connected with his work.

discharged for absenteeism and tardiness. Claimant filed a claim for benefits, but the local service center found that Claimant had committed willful misconduct and denied benefits under Section 402(e). Claimant appealed.

A referee held a hearing on November 4, 2015, at which Employer's president and vice president appeared and Claimant did not appear. The vice president testified that Claimant failed to follow Employer's rules and procedures regarding tardiness and absences on several occasions and was reported as "disappearing" while at the job site by several foremen. Notes of Testimony, November 4, 2015, at 5-6. Employer further provided a timeline of Claimant's employment specifying each incident. Employer Exhibit 1 at 1-2.

The referee determined that Employer met its burden of establishing that Claimant's discharge was for willful misconduct and that he failed to meet his burden of proving that he had good cause for his tardiness on September 21, 2015, by failing to appear at the hearing.[2] As a result, the referee affirmed the determination that he is ineligible for benefits under Section 402(e).

Claimant appealed to the Board, averring that "I had been called back to work which made my hearing date the second day with my current employer. I was unable to make it to the hearing because I was unable to inform my employer in a reasonable amount of time that I would be missing work and they needed me there." Certified Record Item 11, Attachment. Claimant also alleged that he was

---

[2] Section 101.51 of the Board's regulations states, in relevant part, that "[i]f a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence." 34 Pa. Code §101.51. If a claimant fails to attend the referee's hearing without ''proper cause," the referee must issue a decision on the merits with findings of fact based upon the evidence of record, including any testimony that the employer offered in support of its burden of proof. *Ortiz v. Unemployment Compensation Board of Review*, 481 A.2d 1383, 1386 (Pa. Cmwlth. 1984).

not given "proper warning" from Employer that it was considering the termination of his employment for willful misconduct. *Id.*

The Board's findings may be summarized as follows: Claimant, as a fifth-year apprentice was aware of the rules and procedures regarding attendance and tardiness established by the Joint Apprentice Training Committee (JATC) of the International Brotherhood of Electrical Workers (IBEW) and enforced by Employer. The most pertinent rule in the instant matter is that if an employee is going to be late or absent he must call in to the employer as soon as possible or, at the latest, before his shift. Claimant left work early on September 16, 2015, and failed to inform the president or vice president of his early departure either before leaving (as instructed by the foreman) or when the vice president later called him to discuss his previous attendance problems. On September 17, 2015, the vice president told Claimant that if he missed work again without a good excuse, he would be discharged. Claimant was scheduled to begin work on September 21, 2015 at 6:00 a.m. but did not arrive until 7:30 a.m. and did not call Employer to report his tardiness. Consequently, the vice president discharged Claimant for absenteeism and tardiness. Findings of Fact Nos. 1-11.

Initially, the Board considered Claimant's assertions regarding his failure to attend the referee's hearing, explaining:

> The claimant did not appear at the hearing. On appeal, he indicates that he had been called back to work and was unable to make the hearing because it took place on his second day of work with a new employer and he was unable to inform his new employer in a reasonable amount of time that he would be missing work. The Notice of [H]earing was mailed on October 22, 2015. The hearing was scheduled for November 4, 2012. *Therefore, the claimant had ample time to request a continuance of the hearing when he learned that he*

3

*would be called back to work.* [3] He did not do so. Therefore, he did not have good cause for his non-appearance and a remand is not warranted.

*Id.* at 2 (emphasis added).

On the merits, the Board concluded that Employer sustained its burden of establishing Claimant's willful misconduct and Claimant did not establish the requisite good cause for his actions, stating:

> Here, the claimant left work early on September [16], 2015, because his girlfriend had been in a car accident. However, he was instructed to call the vice-president regarding leaving early before he left and he did not despite having a conversation with the vice-president that day about his prior absences. The claimant had no good cause for not reporting that he was leaving early to the vice-president because he had the opportunity to do so and did not. Further, the next day, the claimant was at least an hour and a half late for work and did not call to report he was going to be late. Therefore, because the claimant offered no good cause for being late, no good cause for not calling in that he was going to be late, and he did not have permission to be late, his actions rose to the level of willful misconduct. The burden then shifts to the claimant to offer good cause for his actions. The claimant did not appear for the hearing; therefore he could not meet his burden of proof.

*Id.* at 2-3. Accordingly, the Board affirmed the denial of benefits under Section 402(e) of the Law.

On appeal to this Court,[4] Claimant first argues that the Board abused its discretion in concluding that he did not have proper cause for missing the

---

[3] Section 101.23(a) of the Board's regulations states, in relevant part, that "[c]ontinuance of a hearing will be granted only for proper cause and upon the terms as the tribunal may consider proper." 34 Pa. Code §101.23(a).

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are **(Footnote continued on next page…)**

referee's hearing. Section 504 of the Law states that "[t]he board shall have power, on its own motion, or on appeal, to . . . direct the taking of additional evidence." 43 P.S. §824. Pursuant to Section 504, "the Board has the discretion to decide whether to grant a request for remand." *Fisher v. Unemployment Compensation Board of Review*, 696 A.2d 895, 897 (Pa. Cmwlth. 1997).[5]

As this Court has explained, "[w]e do not believe it necessary to remand a case . . . where . . . the . . . explanations for [a party's] failure to appear do not rise to the level of 'proper cause' as a matter of law.'" *Sanders v. Unemployment Compensation Board of Review*, 524 A.2d 1031, 1033 (Pa. Cmwlth. 1987). Moreover, "we will not reverse a decision denying a request for

---

**(continued…)**

supported by substantial evidence. *Kirkwood v. Unemployment Compensation Board of Review,* 525 A.2d 841, 843-44 (Pa. Cmwlth. 1987). The Board is the factfinder in unemployment compensation cases, empowered to determine credibility of witnesses and resolve conflicts in evidence. *Curran v. Unemployment Compensation Board of Review*, 752 A.2d 938, 940 (Pa. Cmwlth. 2000). "[T]he Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief." *Stockdill v. Unemployment Compensation Board of Review*, 368 A.2d 1341, 1343 (Pa. Cmwlth. 1977).

[5] *See also* Section 101.24(a) of the Board's regulations, 34 Pa. Code §101.24(a) ("If a party who did not attend a scheduled hearing subsequently gives written notice . . . and it is determined by the tribunal that his failure to attend the hearing was for reasons which constitute 'proper cause,' the case shall be reopened. Requests for reopening . . . shall be in writing; shall give the reasons believed to constitute 'proper cause' for not appearing; and they shall be delivered or mailed . . . to the [Board] . . . ."); Section 101.24(c) of the Board's regulations, 34 Pa. Code §101.24(c) ("A request for reopening the hearing which is not received before the decision was mailed, but is received or postmarked on or before the 15th day after the decision of the referee was mailed to the parties shall constitute a request for further appeal to the Board and a reopening of the hearing, and the Board will rule upon the request. . . . If the request to have the hearing reopened is denied, the Board will append to the record the request, supporting material and the ruling on the request, so that it shall be subject to review in connection with any further appeal to the Commonwealth Court.").

remand absent an abuse of discretion." *Fisher*, 696 A.2d at 897. The party alleging an abuse of the Board's discretion bears the burden of showing that "the [Board's] decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Georgia–Pacific Corporation v. Unemployment Compensation Board of Review*, 630 A.2d 948, 951 (Pa. Cmwlth. 1993).

On appeal to the Board, Claimant asserted that he could not attend the hearing because it was the second day at his new job, he was needed at work, and he was unable to provide his new employer reasonable notice for his absence. However, the Board observed that Claimant was aware of the hearing date and had ample opportunity to contact the referee's office to request a continuance once he learned that he was called back to work.

Claimant now alleges that he was called back to work on November 2, two days before the scheduled hearing and, as a result, he did not have enough time to request time off work or to request a continuance with the referee. However, Claimant did not raise these facts in his appeal to the Board. Claimant now requests that this Court find that the Board abused its discretion by refusing to grant a remand based on facts that Claimant never presented in his appeal to the Board. We decline to do so. *See, e.g., Pastorius v. Unemployment Compensation Board of Review*, 411 A.2d 1301, 1304 (Pa. Cmwlth. 1980) (observing that the Board did not abuse its discretion in denying a claimant's request to present additional evidence that was vague and nonspecific). *See also Tener v. Unemployment Compensation Board of Review*, 568 A.2d 733, 738 (Pa. Cmwlth. 1990) (holding that this Court's appellate review is restricted to those facts certified in the record).

6

On the merits, Claimant argues that the Board erred in finding that he was warned regarding his attendance issues and in concluding that he did not have good cause for the absence that precipitated his discharge for willful misconduct. However, in making this argument, Claimant relies on a version of the facts surrounding the termination of his employment that he did not present to the Board. Our scope of review precludes us from considering facts not of record or reconsidering or reweighing the evidence found credible by the Board. *Tener*, 568 A.2d at 738. Moreover, in his brief Claimant cites no legal precedent upon which he bases his request that this Court overrule the Board's decision.

Under Section 402(e) of the Law, a person is ineligible for unemployment benefits if his unemployment is due to his discharge from work for willful misconduct connected with his work. 43 P.S. §802(e). Although not defined in the Law, "willful misconduct is defined by the courts as: (1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or, (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations." *Johns v. Unemployment Compensation Board of Review,* 87 A.3d 1006, 1009 (Pa. Cmwlth.), *appeal denied,* 97 A.3d 746 (Pa. 2014).

While absenteeism and tardiness on their own are sufficient grounds for discharge, they do not alone constitute willful misconduct. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1163 (Pa. Cmwlth. 2013); *Vargas v. Unemployment Compensation Board of Review,* 486 A.2d 1050, 1051 (Pa. Cmwlth. 1985). This Court has long held that "[a]n employer has the right to expect that his employees will attend work when they are scheduled, that

7

they will be on time and that they will not leave work early without permission." *Fritz v. Unemployment Compensation Board of Review,* 446 A.2d 330, 333 (Pa. Cmwlth. 1982). However, to warrant the denial of benefits, the employer must demonstrate at least one of the following elements: (1) excessive absenteeism; (2) failure to notify the employer in advance of the absence; (3) lack of good or adequate cause for the absence; (4) disobedience of an employer's policy; or (5) disregard of warnings. *Vargas*, 486 A.2d at 1052.

An employer bears the burden of proving that the claimant engaged in willful misconduct. *Johns,* 87 A.3d at 1010. Once the employer meets its burden, the burden then shifts to the claimant to demonstrate good cause for his actions. *Id.* While willful misconduct is a legal determination fully reviewable by this Court, we are bound by the Board's findings so long as there is substantial evidence in the record, taken as a whole, supporting those findings. *Guthrie v. Unemployment Compensation Board of Review,* 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

Here, the Board credited Employer's testimony and other evidence showing that Claimant worked for Employer for a total of seven weeks. Over that brief period, Claimant's pattern of behavior required Employer's vice president to speak to him regarding his attendance. During that same conversation, Claimant failed to inform Employer that he had left the job site early, in disregard of his foreman's instructions. The Board found that Claimant was duly warned the following day that further absences or tardiness would result in his dismissal, and he nevertheless failed to call in prior to arriving an hour and a half late for his shift on his last day of work. These findings are supported by substantial evidence and support the Board's conclusion that Claimant engaged in disqualifying willful misconduct.

8

Accordingly, we affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven J. Ganster,                          :
                                            : No. 375 C.D. 2016
                        Petitioner          :
                                            :
            v.                              :
                                            :
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                        Respondent          :


O R D E R


AND NOW, this 11<u>th</u> day of <u>October</u>, 2016, the Unemployment Compensation Board of Review's order dated January 13, 2016, at No. B-15-09-A-8496 is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge