IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark C. Horn,                         :
                    Petitioner        :
                                      :
            v.                        :   No. 1450 C.D. 2016
                                      :   Submitted: January 27, 2017
Unemployment Compensation Board       :
of Review,                            :
                    Respondent        :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: May 17, 2017

        Mark Horn (Claimant), *pro se*, petitions for review of an adjudication
of the Unemployment Compensation Board of Review (Board) that affirmed a
Referee's decision to deny Claimant's claim for benefits under the Unemployment
Compensation Law (Law).[1] Claimant contends that the Board erred in holding that
Claimant lacked good cause for failing to appear at the Referee's hearing and that
Claimant's attendance problems rendered him ineligible for benefits under Section
402(e) of the Law, 43 P.S. §802(e).[2] Finding no merit to Claimant's arguments,
we affirm the Board's decision.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§751-918.10.

[2] Section 402(e) states that "[a]n employe shall be ineligible for compensation for any week …
[i]n which his unemployment is due to his discharge or temporary suspension from work for
willful misconduct connected with his work …." 43 P.S. §802(e).

Claimant worked full-time for J&L Precision Machine Company (Employer) as a machine operator from April 13, 2012, to March 7, 2016. Throughout the course of his employment, Claimant had attendance and punctuality issues, including 13 absences from January to October 2015. Because of these attendance issues, on October 15, 2015, Employer issued a written warning to Claimant that he would be subject to additional disciplinary action, including termination of his employment, if his attendance did not improve. Claimant's attendance problems continued,[3] and on March 9, 2016, he was discharged for excessive tardiness and absences from work.

Claimant filed for unemployment compensation benefits, which the UC Service Center granted. Employer appealed, and a hearing was scheduled for April 20, 2016. A Notice of Hearing was mailed to Claimant's last known postal address. It was not returned by the postal authorities as undeliverable. Claimant did not attend the Referee's hearing. Based upon Employer's evidence, the Referee held that Claimant was ineligible for benefits under Section 402(e) of the Law. Claimant appealed. The Board remanded the case to the Referee to act as the Board's hearing officer and determine whether Claimant had good cause for not appearing at the first hearing.

At the remand hearing, Claimant testified that he never received notice of the first hearing. Specifically, Claimant testified that:

> No, I did not [receive the Notice of Hearing]. I received a copy that said that the Employer had filed an appeal to the original Decision, and there was no Notice of Hearing in that envelope,

---

[3] Claimant was absent from work on December 22, 2015, December 29, 2015, January 16, 2016, January 22, 2016, February 12, 2016, February 17, 2016, March 1, 2016, and March 8, 2016. Claimant was also late on several occasions and left early on one occasion during this timeframe.

2

and I was consequently waiting for another envelope to arrive that would have the hearing date and none ever arrived. I got the mail personally every day. That's why I have ... a notarized statement [from] a witness ... who resides with me most of the time, and she swore under oath that I had not received it. I have a statement I prepared as of that date, [April 20th], that's a significant day in my life. It's my dog's birthday. There's no way that I would've forgot that April 20th was the hearing date as it being my dog's birthday, also.

Notes of Testimony, 6/8/2016, at 4 (N.T. ____). In addition to his girlfriend's notarized statement, Claimant also offered bank records showing that he was at an ATM in Easton on April 20th; the significance of this evidence is not clear.

The Referee also took evidence on the circumstances of Claimant's separation from employment. Claimant attributed his absences from work to health issues, *i.e.*, degenerative arthritis in his ankle and stomach issues related to his colon cancer. Claimant testified that he began monthly pain management treatments in March 2015. According to Claimant, he had a stomach virus on his last day of employment, the day before he was discharged. Claimant testified that whenever he was late to work, it was due to transportation issues.

On June 29, 2016, the Board issued its final adjudication, holding that Claimant lacked good cause for not attending the first Referee's hearing because there was no evidence to corroborate his assertion that he did not receive the correctly addressed Notice of Hearing. The Board also affirmed the Referee's determination that Claimant was ineligible under Section 402(e) of the Law. Claimant now petitions for this Court's review.

On appeal,[4] Claimant raises two issues. First, Claimant argues that the Board erred in concluding that he did not have proper cause for his non-appearance at the April 20, 2016, hearing. Second, Claimant argues that the Board erred in concluding that his attendance issues constituted disqualifying willful misconduct.

Claimant first challenges the Board's conclusion that he did not have proper cause for his non-appearance at the April 20, 2016, hearing before the Referee. Claimant maintains that he never received the Notice of Hearing, which, if true, constitutes "proper cause" for reopening a hearing. *Volk v. Unemployment Compensation Board of Review*, 49 A.3d 38, 40 (Pa. Cmwlth. 2012). When a party asserts that it did not receive a notice of hearing, the Department enjoys an evidentiary presumption of receipt if it can establish that the notice was placed into the mail addressed to the last known address of the addressee, and it was not returned by postal authorities as undeliverable. *Id.* at 41. *See also* 34 Pa. Code §101.53. The presumption of receipt is rebuttable; therefore, the addressee must be given the opportunity to submit evidence to rebut the presumption. *Id.* Litigants have rebutted the presumption with evidence that a notice was not received due to the negligence of a disinterested third party, such as the U.S. Postal Service. *Verdecchia v. Unemployment Compensation Board of Review*, 657 A.2d 1341, 1344 (Pa. Cmwlth. 1995).

In the instant case, the Notice of Hearing was mailed to Claimant's last known postal address and was not returned by the postal authorities as being

---

[4] Our review is to determine "whether constitutional rights were violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 814 n.2 (Pa. Cmwlth. 2008) (citation omitted).

undeliverable. This raised the presumption that Claimant received the notice. Claimant attempted to rebut the presumption primarily through his own testimony that he never received the notice, and with a notarized statement from his girlfriend attesting that Claimant never received the notice. The Board held that the notarized statement was entitled to little or no weight,[5] but it did not specifically find Claimant's testimony was not credible. This is problematic because Claimant's testimony that he never received the notice, if believed, would constitute proper cause for reopening the record. A remand is unnecessary, however, because Claimant was afforded the opportunity to make a record on the reasons for his separation from employment.

In his second issue, Claimant asserts that the Board erred in concluding that his attendance issues constituted willful misconduct under Section 402(e) of the Law, 43 P.S. §802(e). Claimant urges the Court to follow the UC Service Center's reasoning in its Notice of Determination, *i.e.*, that Claimant demonstrated good cause for his last absence on March 8, 2016, and therefore was not ineligible under Section 402(e) of the Law.

Employers have the right to expect that employees will be at work and on time. *Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186, 190 (Pa. Cmwlth. 2012). Some of the factors considered by a court in determining whether an employee's attendance issues rise to the level of willful misconduct include: (1) excessive absences, (2) failure to notify the employer in advance of an absence, (3) lack of good or adequate cause for an

---

[5] This Court will not review the Board's weighing of evidence. *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181, 188 (Pa. Cmwlth. 2015). ("[T]he Board is the ultimate finder of fact and questions regarding the weight of evidence and witness credibility are solely within its province." (citation omitted)).

absence, (4) failure to follow employer's policy or (5) disregard of warnings regarding absenteeism. *Vargas v. Unemployment Compensation Board of Review*, 486 A.2d 1050, 1051-52 (Pa. Cmwlth. 1985). An employee who is chronically absent, even after warnings, shows a disregard of the standards of behavior that an employer can rightfully expect from an employee. *See generally Grand Sport Auto Body*, 55 A.3d 186.

In the instant case, Employer established that Claimant had an excessive number of absences for the ten-month period from January to October 2015. This prompted Employer to warn Claimant in writing that he would face disciplinary action if his attendance did not improve. Thereafter, Claimant continued to be absent or late on numerous occasions. Employer discharged Claimant for this course of conduct, citing "excessive absenteeism [and] tardiness." Certified Record, Item No. 3, at 1.[6] The Board held that Claimant's poor attendance and disregard of warnings regarding his absenteeism rose to the level of disqualifying willful misconduct under Section 402(e) of the Law. It did not err.

For these reasons, we affirm the Board's decision.

_____
MARY HANNAH LEAVITT, President Judge

---

[6] Because Claimant was discharged for his poor attendance record over the course of a year, there is no merit to his argument that the only relevant absence was his final absence on March 8, 2016, when he called out sick with a stomach virus.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark C. Horn, : 
           Petitioner : 
            : 
          v. :   No. 1450 C.D. 2016
            : 
Unemployment Compensation Board : 
of Review, : 
           Respondent : 

# **O R D E R**

AND NOW, this 17th day of May, 2017, the order of the Unemployment Compensation Board of Review dated June 29, 2016, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge